# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 26, 2008        Decided March 28, 2008

No. 07-7097

JANE FITTS,
APPELLEE

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 98cv00617)

*Frank C. Morris, Jr.* argued the cause for appellant. With him on the briefs were *Brian W. Steinbach* and *Ann M. Courtney*.

*John J. Witmeyer, III* argued the cause and filed the brief for appellee.

Before: RANDOLPH and GARLAND, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

Concurring opinion filed by *Senior Circuit Judge* Edwards.

RANDOLPH, *Circuit Judge*: Jane G. Fitts was an attorney at the Federal National Mortgage Association ("Fannie Mae") until 1995, when bipolar disorder prevented her from working.[1] Fitts applied for disability benefits under Fannie Mae's long-term disability insurance plan. Unum Life Insurance Company of America administered the plan. Unum paid Fitts but informed her that her benefits would end after two years pursuant to a clause in the plan limiting benefits "for disability due to mental illness."

The plan defines "mental illness" as "mental, nervous or emotional diseases or disorders of any type." Fitts complained that bipolar disorder is a physical illness, not a mental illness. Unum disagreed. Fitts then sued Unum under the Employee Retirement Income Security Act of 1974 ("ERISA") for

---

[1]Fitts's doctors diagnosed her as having Bipolar I Disorder and Bipolar II Disorder. Bipolar I Disorder "is characterized by the occurrence of one or more Manic Episodes." AM. PSYCHIATRIC ASS'N, DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS 382 (4th ed. text rev. 2000). "A Manic Episode is defined by a distinct period during which there is an abnormally and persistently elevated, expansive, or irritable mood." *Id.* at 357. Bipolar II Disorder "is characterized by the occurrence of one or more Major Depressive Episodes . . . accompanied by at least one Hypomanic Episode." *Id.* at 392. "The essential feature of a Major Depressive Episode is a period of at least 2 weeks during which there is either depressed mood or the loss of interest or pleasure in nearly all activities." *Id.* at 349. A Hypomanic Episode is "a distinct period during which there is an abnormally and persistently elevated, expansive, or irritable mood that lasts at least 4 days." *Id.* at 365.

"benefits due . . . under the terms of [the] plan."[2] 29 U.S.C. § 1132.

The district court reviewed Unum's decision for abuse of discretion and granted summary judgment to Unum. *Fitts v. Fed. Nat'l Mortgage Ass'n*, 77 F. Supp. 2d 9, 25 (D.D.C. 1999). We reversed and remanded, holding that the court should have reviewed de novo Unum's classification of Fitts's illness as mental. *Fitts v. Fed. Nat'l Mortgage Ass'n*, 236 F.3d 1, 4-6 (D.C. Cir. 2001). After the parties engaged in discovery, the district court granted partial summary judgment to Fitts on the ground that bipolar disorder is not a mental illness. *Fitts v. Unum Life Ins. Co. of Am.*, 2006 WL 449299 (D.D.C. Feb. 23, 2006). In a later decision, the court found that Fitts has bipolar disorder and is disabled as a result. Unum appealed both rulings but has chosen to argue only that bipolar disorder is a mental illness.

In the district court Fitts argued that her bipolar disorder had a physical cause and for that reason could not be considered a mental illness. Unum maintained that a disorder is a mental illness if it is listed in the Diagnostic and Statistical Manual of Mental Disorders or if "there are no physical conditions that must be present for a person to be diagnosed with the disorder." *Id.* at *4-5. Other courts have defined "mental illness" as a disorder whose symptoms a layperson would classify as arising from a mental illness, a disorder with no physical cause, or a

---

[2]Fitts also invoked the Americans with Disabilities Act, the District of Columbia Human Rights Act, and District common law. The district court dismissed these claims. *Fitts v. Fed. Nat'l Mortgage Ass'n*, 44 F. Supp. 2d 317, 331 (D.D.C. 1999). Fitts appealed the dismissal of her claim under the Americans with Disabilities Act, and we affirmed. *Fitts v. Fed. Nat'l Mortgage Ass'n*, 236 F.3d 1 (D.C. Cir. 2001). Fitts later stipulated to dismiss all claims against Fannie Mae, which she had also named as a defendant.

disorder whose treatment involves psychotherapy and psychotropic medication. *Id.* at \*6. The district court held that "[t]he lack of consensus on the meaning of mental illness . . . indicate[s] that it is ambiguous. . . . All of these approaches have a reasonable basis, yet given the same set of facts, they could all reach a different conclusion." *Id.* at \*7. The court resolved this ambiguity in favor of Fitts.

In reaching this conclusion, the court thought there was "no dispute over the possible causes and manifestations of bipolar disorder. Both parties' doctors acknowledge that bipolar disorder is characterized by a combination of physical, psychological, and social factors, and they generally agree as to what those factors are." *Id.* The courts of appeals disagree whether a court may rely on a cause-based interpretation of illness to find ambiguity in an ERISA-covered plan. The Fifth Circuit believes that permitting a cause-based interpretation would eliminate the distinction between mental and physical disorders. *Lynd v. Reliance Standard Life Ins. Co.*, 94 F.3d 979, 984 (5th Cir. 1996). The Eighth Circuit holds that it is improper to consider the cause of a mood disorder because a layperson classifies an illness by its symptoms, not its causes. *Brewer v. Lincoln Nat'l Life Ins. Co.*, 921 F.2d 150, 154 (8th Cir. 1990). The Seventh, Ninth, and Eleventh Circuits hold that a cause-based interpretation is permissible. *Phillips v. Lincoln Nat'l Life Ins. Co.*, 978 F.2d 302, 310-11 (7th Cir. 1992); *Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534, 541 (9th Cir. 1990); *Billings v. Unum Life Ins. Co. of Am.*, 459 F.3d 1088, 1090 (11th Cir. 2006).

Given the record in this case, it would be imprudent for us to choose among the approaches just mentioned. If Fitts's disorder did not have a physical cause, we see no argument that her illness was anything but mental. Yet at the summary judgment stage, there was substantial disagreement about the

causes of bipolar disorder in general and of Fitts's illness in particular. In her statement of undisputed facts, Fitts cited testimony from two of Unum's expert witnesses for the proposition that "bipolar disorder is a physical disability." One of these witnesses agreed that "one of the causes that contributes to bipolar disorder is a biological cause," but Unum responded that this testimony was taken out of context and that "the augmented record evidence shows that bipolar disorder is not caused by physical factors, but rather at most has physical correlates found in some individuals with bipolar disorder that may be the result of emotional factors or environmental stimuli." Unum's other witness described a lack of consensus on the causes of bipolar disorder: "Psychiatrists would tell you [that there are] more biological based issues [for illnesses such as bipolar disorder] . . .. But you have disagreements in the psychiatric community . . .." Unum argued that the witness "is a psychologist and testified that he does not, as a psychologist, relate everything back to physiology, [and] that not everyone agrees with the psychiatrists' bias." In its own statement of undisputed facts, Unum cited testimony that most scans of Fitts's brain have appeared normal, and that the only unusual results returned to normal in subsequent scans. One of Unum's witnesses refused to identify a biological cause for Fitts's illness, saying only that he could not rule one out.

Summary judgment is proper only if "there is no genuine issue of material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, a court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007) (quotations, citation, and alteration omitted). Because there was a genuine dispute about the possible causes of bipolar disorder, and in light of Unum's evidence casting doubt on the cause of Fitts's illness, the district

court should not have granted partial summary judgment. We therefore vacate the judgment and remand for further proceedings consistent with this opinion.

*So ordered.*

EDWARDS, *Senior Circuit Judge*, concurring: I join the majority opinion and write briefly only to confirm my understanding of our disposition. On remand, the parties should be guided by the following principal points:

First, the District Court erred insofar as it held that no bipolar disorder can be a "mental illness" as defined in the Unum policy. Even counsel for Fitts recognized that some disorders can be accurately characterized as mental illnesses under the policy – if not, the provision in question would be rendered meaningless. Because the phrase "bipolar disorder" covers a range of cases, some of which may be mental illnesses and some which may not, whether a person's disorder can be characterized as "bipolar" is not, by itself, dispositive. To the extent that the District Court held that bipolar disorder is *never* a mental illness, its conclusion was wrong as a matter of law.

Second, if Fitts' bipolar disorder did not have a physical *cause*, appellees have presented no argument that it is not a "mental illness," and therefore it falls within Unum's policy limitation. The facts concerning the cause of Fitts' disorder were disputed, however, so summary judgment on this point was inappropriate. The District Court never settled the question of whether Fitts' disorder had physical causes. Because Fitts offers no viable argument that a non-physically caused bipolar disorder is not a mental illness, the resolution of this factual question may dispose of this case on remand.

Third, it is unclear whether Fitts' bipolar disorder can be properly characterized as a "mental illness" if it has been caused in part by physical factors. Unum admits that some neurological disorders with physical causes and behavioral symptoms – such as Alzheimer's disease or vascular dementia – are not mental illnesses as defined by its policy. If it is determined that Fitts' bipolar disorder does have a physical *cause*, then, at the very least, the District Court must determine whether the causal nexus between physical factors and behavior symptoms for Fitts' bipolar disorder are more similar to the neurological disorders fully covered by Unum, or to traditional mental

illnesses that are subject to the policy limitation.  The evidence on this point is disputed, so summary judgment is inappropriate.