**John DOE, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

**No. 12 Civ. 9327(LAK).**

United States District Court,
S.D. New York.

Signed Oct. 5, 2015.

Scott Madison Riemer, Riemer & Associates, L.L.C., New York, NY, for Plaintiff.

Patrick Walter Begos, Begos and Horgan & Brown L.L.P., Southport, CT, for Defendant.

## MEMORANDUM AND ORDER ON FORM OF JUDGMENT

LEWIS A. KAPLAN, District Judge.

Following a bench trial on a stipulated record, this Court concluded that plaintiff is disabled under his former employer's long-term disability plan (the "Plan").[1] On September 10, 2015, plaintiff submitted a proposed judgment and argued that the Court had failed to resolve plaintiff's request for a remand on the issue of whether plaintiff's disability is due to "mental illness," which would limit his benefits payments under the Plan to 24 months.[2] Defendant argues against remand and has submitted its own proposed judgment [DI 90].

Plaintiff incorrectly assumes that this Court failed to consider his request for remand on the mental illness issue, which both parties addressed in their trial briefs. In fact, the Opinion-which "constitutes the Court's findings of fact and conclusions of law"[3]—emphasizes that "'the lifetime cumulative maximum benefit period for all disabilities due to **mental illness** ... is 24 months.'"[4] Moreover, it concludes: "In the last analysis, this Court credits Dr. Hollander's opinion that plaintiff is suffering from *psychiatric conditions* and that he is unable to properly regulate his behavior, remain attentive, or perform executive functions, resulting in an inability to work as a litigation partner with a specialty in bankruptcy law."[5] This Court's decision not to order remand was not an oversight. It flowed from this Court's conclusion that plaintiff's disability is due to mental illness and, accordingly, is subject to the Plan's 24–month cap as a matter of law. There is no need to remand the issue to Unum. Nonetheless, to avoid all doubt, the Court elaborates here.

As noted above, the Plan caps the benefits period for all disabilities due to "mental illness" at 24 months. The plan defines "mental illness" as "a psychiatric or psychological condition classified in the [DSM], published by the American Psychiatric Association, most current as of the start of disability."[6] Here, this Court credited Dr. Hollander's opinion that plaintiff suffers from the following "psychiatric conditions":[7] "major depression, obsessive compulsive disorder, attention deficit hyperactive disorder, obsessive compulsive

---

1. 116 F.Supp.3d 221, 2015 WL 4139694 (S.D.N.Y. July 9, 2015) ("Opinion").

2. *See* Trial Ex. C at Policy 030. (Henceforth, trial exhibits are cited "Ex.")

3. Opinion at *9.

4. *Id.* at *2 (quoting Ex. C at Policy 030) (emphasis in original).

5. *Id.* at *9 (emphasis added).

6. Ex. C. at Policy 041. The DSM–IV–TR (2000) was most current as of the start of plaintiff's disability.

7. Opinion at *9.

personality disorder, and Asperger's syndrome."[8] These conditions all are classified in the DSM–IV–TR. Thus, plaintiff's disability is due to "mental illness" under the clear definition in the Plan.

Plaintiff asserts that his disability is not a "mental illness" because his conditions are "biologically based," citing *Fitts v. Unum Life Insurance Co. of America.*[9] There, the D.C. Circuit held that there was a genuine dispute "about the possible causes of bipolar disorder," and therefore vacated the district court's grant of summary judgment on the question of whether bipolar disorder was subject to the 24–month mental illness limitation under the applicable plan. That case is distinguishable, however, because the plan there provided an ambiguous definition of mental illness: "mental, nervous or emotional diseases or disorders of any type."[10] Here, there is no ambiguity. The Plan clearly defines "mental illness" as a psychiatric or psychological condition classified in the DSM. As explained above, this Court already determined that plaintiff suffers from "psychiatric conditions," and those conditions are classified in the DSM.

Plaintiff argues also in his reply trial brief that remand is necessary to determine "in the first instance whether Plaintiff's diagnoses are biologically based illnesses or 'psychiatric or psychological' conditions" because "[t]he DSM does not define 'psychiatric or psychological.'"[11] This argument misapprehends both the Plan and the nature of the DSM.

The Plan defines "mental illness" as "a psychiatric or psychological condition classified in the [DSM]." Plaintiff appears to think it is not enough for a condition to appear in the DSM to qualify as a "mental illness" under the Plan, but rather that the DSM additionally must define the condition as "psychiatric or psychological." But by its very definition the DSM "provides a classification of *mental disorders.*"[12] Every condition classified in the DSM (including each of plaintiff's conditions) is a psychiatric or psychological condition, and thus a "mental illness" under the plain language of the Plan. That is the end of the inquiry.

The DSM anticipates also plaintiff's false dichotomy between "biologically based illnesses" and "psychiatric or psychological conditions," explaining that "the term *mental disorder* unfortunately implies a distinction between 'mental' disorders and 'physical' disorders that is a reductionistic anachronism of mind/body dualism. A compelling literature documents that there is much 'physical' in 'mental' disorders and much 'mental' in 'physical' disorders."[13] Here, plaintiff's mental conditions may have physical components or biological bases. The Plan, however, is concerned only with whether a condition is classified in the DSM. Plaintiff's conditions are so classified. Whether those conditions have biological bases is immaterial.

Accordingly, the Court has signed defendant's proposed judgment.

SO ORDERED.

---

8. *Id.* at *1.

9. 520 F.3d 499, 501–02 (D.C.Cir.2008).

10. *Id.* at 500.

11. Plaintiff's Reply Tr. Br. at 10 [DI 84, filed under seal].

12. American Psychiatric Association, DSM–IV–TR Introduction at xxx (4th ed.2000) (emphasis added).

13. *Id.* (emphasis in original).